**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | } } } | |
| **Plaintiff,** | } } | **CIVIL ACTION NO.** |
| **v.** | } } } } | |
| **TIM SHEPHERD MD, PA d/b/a SHEPHERD HEALTHCARE** | } } | **JURY TRIAL DEMAND** |
| **Defendant.** | } } } | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of religion and retaliation and to provide appropriate relief to Charging Party Almeda Gibson and aggrieved individuals Courtney Maldonado, Stacy O'Laughlin, and Joshua Stoner. As alleged with greater particularity below, the Defendant failed to accommodate Ms. Gibson's religious beliefs and subsequently terminated her employment in retaliation for her continued requests for accommodation and objections about being required to participate in the Defendant's morning Bible study and religious discussions. The Commission further alleges that the Defendant violated Title VII by retaliating against other aggrieved individuals Courtney Maldonado, Stacy O'Laughlin, and Joshua Stoner for their opposition to the company's required religious practices.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"), 42 U.S.C. Section 2000e5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §§ 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Texas.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission" or "EEOC"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.      At all relevant times, the Defendant has continuously been doing business in the State of Texas and the City of Lewisville and has continuously had at least fifteen employees.

5.      At all relevant times, the Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6.      More than thirty days prior to the institution of this lawsuit, Almeda Gibson filed a charge with the Commission alleging violations of Title VII by the Defendant.

7.      On July 18, 2017, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated when the Defendant discriminated against Ms. Gibson, Ms. Maldonado, Ms. O'Laughlin, and Mr. Stoner. The Defendant was invited to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8.      On August 30, 2017, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

9.      All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

10.      Since at least July 2015, the Defendant has engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1) by failing or refusing to reasonably accommodate the religious beliefs of Almeda Gibson.  The Defendant, a healthcare facility, hired Ms. Gibson in July 2015 to work in its call center. During Ms. Gibson's employment, the Defendant held daily mandatory meetings which all employees were required to attend regardless of their own religious

beliefs or affiliation, or lack thereof. These meetings typically began each workday

morning with a reading or study of Biblical verses and principles and included a

discussion of how the religious principles could be related or applied to the personal lives

of the employees. These mandatory meetings were usually led by the business owners,

Dr. Timothy Shepherd or his wife Virginia Shepherd.

11.     Charging Party Gibson is a follower of Buddhist principles and is not an

adherent of any other religion.  After initially attending these mandatory religious

meetings that promoted Christian tenets and beliefs, Ms. Gibson asked to be excused

from compulsory attendance as a religious accommodation because of her discomfort

with the pressure she felt was imposed upon her to accept or embrace the religious beliefs

of others. Ms. Gibson had numerous discussions with management about her need for a

religious accommodation over the course of her tenure with Defendant, but the Defendant

continuously ignored and/or denied her request and required that she attend all portions

of the morning meetings, including the opening discussion of Biblical principles.

Defendant failed or refused to provide Ms. Gibson with the reasonable religious

accommodation requested, being excused from the meetings, and did not offer any other

accommodation.

12.     In late June 2016, Ms. Gibson met privately with the Shepherds and

renewed her request to be excused from these religious discussions as an accommodation.

Her request was again denied, and Mrs. Shepherd told Ms. Gibson that she should think

about new employment. The Defendant then fired Ms. Gibson the very next day.  The act

of terminating Ms. Gibson's employment because of her continued requests for religious

4

accommodation and her opposition to her forced participation in religious meetings

constitutes retaliation in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a).

13.     Courtney Maldonado was employed by Defendant from approximately

October 2012 to March 2016.  Ms. Maldonado, who was a Clinical Supervisor until late

February 2016, was aware that Ms. Gibson had a religious objection to the mandatory

morning meetings. In mid-February 2016, Ms. Maldonado told Dr. and Mrs. Shepherd

that she believed it was wrong to require employees to attend meetings at which a

specific religion is discussed in such detail.  Approximately one week later Ms.

Maldonado was transferred from Clinical Supervisor to Medical Assistant.  The day after

Ms. Maldonado's transfer, the Shepherds called a meeting with Ms. Maldonado and the

employees she had supervised as Clinical Supervisor and told the group that Ms.

Maldonado had been removed from that position because she was not leading them

properly, was not following Christ, and was not seeing the Shepherds' vision. The

following week, in early March 2016, Mrs. Shepherd called Ms. Maldonado and another

employee into her office and told them both that they needed to be "more Godly" and

"wash the feet" of others. Ms. Maldonado was fired on March 9, 2016. The act of firing

Ms. Maldonado for her opposition to the Defendant's discriminatory religious

requirements constitutes retaliation in violation of Section 704(a) of Title VII, 42 U.S.C.

§ 2000e-3(a).

14.     Stacy O'Laughlin was employed by Defendant from approximately

August 2015 to August 2016. Approximately one month prior to Ms. O'Laughlin's

termination, Mrs. Shepherd took Ms. O'Laughlin aside and told her that being a single

mother was "not what God wanted" for her. Mrs. Shepherd asked Ms. O'Laughlin if she

wanted to go to church with her, or if she could provide counseling sessions for Ms. O'Laughlin. Ms. O'Laughlin declined both offers. The day before her termination, Mrs. Shepherd asked Ms. O'Laughlin to pick a Bible verse that "meant the most" to her during the mandatory morning meeting. Ms. O'Laughlin asked to be skipped over.  Immediately after the meeting, Mrs. Shepherd had a private discussion with Ms. O'Laughlin during which Ms. O'Laughlin told Mrs. Shepherd that she thought it was inappropriate to be forced to participate in religious discussion if she wished not to be included. Ms. O'Laughlin also expressed her feelings about the inappropriateness of the earlier discussion about her personal life.  For the remainder of the day, Mrs. Shepherd told Ms. O'Laughlin's co-workers not to speak or engage with her. The same remained true the next day, when Dr. Shepherd terminated Ms. O'Laughlin's employment. When Ms. O'Laughlin asked why she was being discharged, Dr. Shepherd told her that although he was not required to give her a reason, he would say it was "insubordination."  The act of firing Ms. O'Laughlin for her opposition to the Defendant's discriminatory religious requirements constitutes retaliation in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a).

15.     Joshua Stoner was employed by Defendant from approximately September 2013 to March 2016. Mr. Stoner, a Physician's Assistant, was called into a meeting with Mrs. Shepherd during which she spoke with him about issues related to his personal life, including her insistence that he attend pre-marital counseling because he was living with his girlfriend. On or about March 26, 2016, Mr. Stoner received a text message from Mrs. Shepherd in which she informed him that she would be meeting with him the following day. Mrs. Shepherd also cited Biblical verses in this message, stated that she had never

recommended divorce to any couple, and would not condone Mr. Stoner living with a woman. Mrs. Shepherd fired Mr. Stoner the following week because of his choice not to attend pre-marital counseling. The act of firing Mr. Stoner for his opposition to the Defendant's discriminatory religious requirements constitutes retaliation in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a).

16.     The unlawful employment practices complained of in paragraphs 10-15 above were intentional.

17.     The unlawful employment practices complained of in paragraph 10-15 above were done with malice or with reckless indifference to the federally protected rights of Almeda Gibson, Courtney Maldonado, Stacy O'Laughlin, and Joshua Stoner.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of religion including the denial of reasonable accommodation.

B.     Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from subjecting its employees to retaliatory treatment in violation of Title VII.

C.     Order the Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for Almeda Gibson, Courtney Maldonado, Stacy O'Laughlin and Joshua Stoner, and eradicate the effects of its past and present unlawful employment practices.

D.      Order the Defendant to make whole Almeda Gibson, Courtney Maldonado, Stacy O'Laughlin and Joshua Stoner by providing appropriate back pay with prejudgment interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices.

E.      Order the Defendant to make whole Almeda Gibson, Courtney Maldonado, Stacy O'Laughlin and Joshua Stoner by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 10-15 above.

F.      Order the Defendant to make whole Almeda Gibson, Courtney Maldonado, Stacy O'Laughlin and Joshua Stoner by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in paragraphs 10-15 above, including but not limited to, pain and suffering, humiliation, embarrassment, and emotional distress, inconvenience and loss of enjoyment of life in amounts to be determined at trial.

G.      Order the Defendant to pay Almeda Gibson, Courtney Maldonado, Stacy O'Laughlin and Joshua Stoner punitive damages for its malicious conduct or reckless indifference to these individuals' federally protected rights as described in paragraphs 10-15 above, in an amount to be determined at trial.

H.      Grant such further relief as the Court deems necessary and proper in the public interest.

I.      Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.


Respectfully submitted,


JAMES LEE
Acting General Counsel

GWENDOLYN Y. REAMS
Associate General Counsel

ROBERT A. CANINO
Regional Attorney
Oklahoma State Bar No. 011782

SUZANNE M. ANDERSON
Supervisory Trial Attorney
Texas State Bar No. 14009470

/s/ Meaghan L. Shepard
MEAGHAN L. SHEPARD
Trial Attorney
Maryland Bar (No nos. assigned)

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Dallas District Office
207 Houston, 3rd Floor
Dallas, Texas 75202
(TEL)  (214) 253-2746
(FAX) (214) 253-2749