**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br> Plaintiff.<br><br>VS.<br><br>TIM SHEPHERD M.D., PA d/b/a SHEPHERD HEALTHCARE<br><br> Defendant. | § § § § § § § § § § § CIVIL ACTION NO.<br>3:17-cv-02569-L |

**DEFENDANT TIM SHEPHERD M.D., PA d/b/a SHEPHERD HEALTHCARE'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Defendant, Tim Shepherd, M.D, PA d/b/a Shepherd Healthcare ("Defendant"), files this its Original Answer ("Answer") to Plaintiff's Original Complaint ("Complaint"), pursuant to Fed. R. Civ. P. 12(a), and, in support thereof, shows the following:

**ORIGINAL ANSWER**

Except as hereinafter expressly admitted, qualified, or otherwise answered, Defendant denies each and every allegation and assertion in Plaintiff's Complaint.

**NATURE OF THE ACTION**

The first unnumbered paragraph of the Complaint is a preliminary statement to which no response is required. To the extent any response is required, Defendant acknowledges that Plaintiff alleges claims, on behalf of Almeda Gibson, Courtney Maldonado, Stacy O'Laughlin, and Joshua Stoner (all of whom are collectively referred to herein as the "Former Employees") under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and Title I of the Civil Rights Act of 1991 ("Title I"); however Title I is not an independent cause of action and, therefore, to the extent

Plaintiff suggests otherwise, Defendant denies that Plaintiff can bring claims thereunder. Defendant denies all remaining factual allegations and factual conclusions as well as legal conclusions in this paragraph. Defendant specifically denies any allegation or inference that it has engaged in any unlawful employment practices and further denies that Plaintiff or the Former Employees are entitled to any relief as claimed in Plaintiff's Original Complaint.

## JURISDICTION AND VENUE

1. As to Paragraph 1 of the Complaint, Defendant admits the allegations of federal jurisdiction, except that Defendant only admits that the same are conclusions and/or allegations giving rise to the claim of federal jurisdiction and otherwise denies that the factual allegations and factual and legal conclusions forming the basis of such claimed jurisdiction occurred.

2. As to Paragraph 2 of the Complaint, Defendant further admits that venue is proper in this judicial district but denies that the claimed acts and omissions giving rise to the claims asserted by the Plaintiff in Paragraphs 1 and 2 of the Complaint ever occurred.

## PARTIES

3. As to Paragraph 3 of the Complaint, Defendant admits that Plaintiff EEOC is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII. Defendant denies all remaining factual allegations and/or legal conclusions in Paragraph 3 of the Complaint. Defendant specifically denies any allegation or inference that Plaintiff's interpretation of Title VII is legally binding; that Plaintiff has satisfied the statutory prerequisites for bringing this suit; or that Plaintiff and/or the Former Employees are entitled to recover damages or any other relief against Defendant.

4. Defendant admits the facts alleged in Paragraph 4 of the Complaint.

5. Defendant admits the facts alleged in Paragraph 5 of the Complaint.

## ADMINISTRATIVE PROCEDURES

6. Defendant admits the facts alleged in Paragraph 6 of the Complaint.

7. As to Paragraph 7 of the Complaint, Defendant admits that the Commission issued a Letter of Determination. However, Defendant denies that the determination is accurate; denies that the determination is based on reasonable cause; and denies all allegations and inferences of discriminatory conduct by Defendant. While Defendant admits that the Commission presented Defendant with a proposed conciliation agreement, Defendant denies all allegations and inferences of discriminatory conduct; denies that conciliatory efforts were necessary or reasonable; and denies that the proposed relief was necessary, reasonable, or appropriate. Further with respect to the proposed conciliation agreement, Defendant rather asserts that the proposed terms of the agreement and relief required was draconian and overbearing.

8. As to paragraph 8 of the Complaint, Defendant admits that the Commission issued a Notice of Failure of Conciliation, but without participating in any meaningful settlement negotiations or presenting any counteroffers. The Commission only provided their original offer on a "take it or leave it" basis.

9. As to paragraph 9 of the Complaint, Defendant denies that all conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

10. As to Paragraph 10 of the Complaint, Defendant denies that Defendant has engaged in discriminatory conduct on the basis of religious discrimination or any other basis and, further, denies that Ms. Gibson ever requested or that Defendant failed or refused to provide reasonable accommodations related to Ms. Gibson's religious beliefs. Defendant admits that Defendant hired Ms. Gibson in July 2015 to work in Defendant's call center. Defendant admits that Defendant required employees to attend morning meetings held most every morning for team

building and motivational purposes and that such meetings were often lead by Dr. Timothy Shepherd and other staff. Defendant also admits that many times employees chose not to come to the meetings but no adverse employment action was taken against them by Defendant. Mrs. Shepherd did not have active participation in those meetings or with the Defendant until around March, 2016. Further, Defendant denies that the meetings are for religious purposes or that employees are required to read or "study" religious verses or principles.

11. As to Paragraph 11 of the Complaint, Defendant admits that Ms. Gibson voluntarily revealed at the time of her hiring that she was Buddhist which revelation made no difference to Defendant. Defendant denies any other knowledge regarding Ms. Gibson's beliefs or followings other than what she herself disclosed at the workplace, including meetings. Defendant denies the remainder of Paragraph 11 and specifically denies that the morning meetings were religion-based or promoted "Christian tenets and beliefs" especially to the exclusion of other beliefs; that a religious accommodation was even necessary; that Ms. Gibson ever requested a religious accommodation or requested to be excused from required employee meetings; that any such requests for a religious accommodation were ignored or denied; and that Ms. Gibson was ever pressured by Defendant to accept or embrace a particular religious belief. Defendant admits that no accommodation was offered because none was ever requested by Mr. Gibson. Further, there were many times that Ms. Gibson chose not to attend the morning meeting for her own reasons and no adverse employment action was ever taken against her for not attending. Further, other employees for many different reasons while at work have chosen not to attend the morning meetings at different times. Again, no adverse employment action was ever taken against any employee who missed the meetings.

12. As to Paragraph 12 of the Complaint, Defendant again denies that Ms. Gibson ever met with the Shepherds privately or otherwise to discuss being excused from the morning

meeting, that Ms. Gibson ever requested to be excused, and that Defendant ever denied a religious accommodation. Defendant further denies that Ms. Gibson was terminated for her religious beliefs; for allegedly requesting religious accommodations (which Ms. Gibson never made); or for her refusal to participate in any alleged religious meetings. Defendant further denies that that it retaliated against Ms. Gibson, as alleged, or otherwise engaged in any conduct in violation of Title VII.

13. As to Paragraph 13 of the Complaint, Defendant admits that Ms. Maldonado was employed by Defendant from approximately October 2012 to March 2016; that, towards the end of her employment, Ms. Maldonado was transferred from Clinical Supervisor to Senior Medical Assistant; and that Ms. Maldonado was terminated on or about March 9, 2016 for legitimate non-discriminatory reasons. Defendant has no knowledge of Ms. Maldonado's awareness of Ms. Gibson's alleged religious beliefs or objections to employee meetings. Defendant denies the remaining allegations in Paragraph 12 of the Complaint and **specifically denies** that Ms. Maldonado ever expressed, to Defendant, an objection or concern (religious or otherwise) about required employee meetings; that Defendant ever told employees that Ms. Maldonado removed from her position for religious reasons; that Defendant ever told Ms. Maldonado or any other employee that they needed to be "more Godly"; or that Ms. Maldonado was terminated for religious reasons or for her alleged opposition to alleged religious requirements or otherwise retaliated against her.

14. As to Paragraph 14 of the Complaint, Defendant admits that Ms. O'Laughlin was employed by Defendant from approximately August 2015 to August 2016, until she was terminated by Defendant. Defendant **denies** the remainder of Paragraph 14, specifically including the allegations that Mrs. Shepherd told Ms. O'Laughlin that being a single mother was "not what God wanted"; that Mrs. Shepherd asked Ms. O'Laughlin to go to church with her or to provide

counseling sessions to Ms. O'Laughlin; that, during a mandatory employee meeting, Mrs. Shepherd asked Ms. O'Laughlin to pick a Bible verse that "meant the most" to her; that Ms. O'Laughlin ever told Mrs. Shepherd that she thought it was inappropriate to be forced to participate in religious discussions; that Ms. O'Laughlin ever expressed to Mrs. Shepherd that she did not want to discuss her personal life; that Mrs. Shepherd ever told Ms. O'Laughlin's co-workers not to speak or engage with her; that Dr. Shepherd ever insinuated that he would offer a false basis for terminating Ms. O'Laughlin's employment; or that Ms. O'Laughlin was terminated for religious reasons or for her alleged opposition to alleged religious requirements; for being supportive of Ms. Gibson's alleged religious accommodation request; or for her alleged opposition to the alleged religious requirements or otherwise retaliated against her.

15. As to Paragraph 15 of the Complaint, Defendant admits that Joshua Stoner was employed by Defendant, as a physician's assistant, from approximately September 2013 to March 2016, until he was terminated by Defendant. However, Defendant **denies** the remaining allegations in Paragraph 15, including that Mrs. Shepherd insisted that he attend pre-marital counseling because he was living with his girlfriend; that Mrs. Shepherd sent the text message described in Paragraph 15; that Mr. Stoner was terminated because he refused to attend pre-marital counseling; or that Mr. Stoner was terminated for religious reasons or for his alleged opposition to alleged religious requirements or otherwise retaliated against him.

16. As to Paragraph 16 of the Complaint, Defendant denies Paragraph 16 in its entirety.

17. As to Paragraph 17 of the Complaint, Defendant denies Paragraph 17 in its entirety.

## PRAYER FOR RELIEF

Plaintiff's "Prayer" is not an allegation and therefore requires no response. To the extent any response is necessary, Defendant denies that the Commission or the Former Employees are entitled to any relief requested in the entire "Prayer" section of the Complaint, including sections A. – I.

## DEFENDANT'S AFFIRMATIVE DEFENSES

18. In addition to the factual and legal denials stated above, Defendant sets forth the following Affirmative Defenses to the allegations contained in the Complaint. Defendant reserves the right to amend this Answer with additional defenses as further information is obtained. Plaintiff's claims are barred, in whole or in part, by the following:

   a. Defendant's conduct and treatment of the Former Employees was based on legitimate, non-discriminatory, and non-retaliatory reasons, wholly unrelated to the Former Employees' religious beliefs and preferences (or any alleged complaints related thereto), and no genuine issue of material fact to the contrary exists. In the alternative, if any action taken by Defendant was motivated in part by discrimination or retaliation—which Defendant denies—Defendant would have taken the same action irrespective of such motive.

   b. To the extent that Plaintiff relies on any events, allegations, or claims occurring outside the applicable statute of limitations, those events, allegations, and claims are barred.

   c. Plaintiff cannot state a claim for retaliation because none of the Former Employees engaged in protected conduct.

   d. Plaintiff cannot recover against Defendant to the extent that the Former Employees failed to make reasonable efforts to mitigate their alleged damages. Alternatively, to the extent that Former Employees have mitigated their alleged damages, Defendant is entitled to offset those amounts from any alleged damages.

   e. To the extent Defendant discovers information after the Former Employees' separation from employment revealing that the Former Employees engaged in misconduct during their employment with Defendant, and Defendant would have discharged the Former Employees for engaging in the misconduct had Defendant known about it before such separations, the after-acquired evidence doctrine bars or limits Plaintiff's claims and damages.

   f. If Defendant is found to have violated the anti-retaliation provision of Title VII—which Defendant denies—neither Plaintiff nor the Former Employees may recover

    mental anguish or emotional distress damages because any mental anguish or emotional distress was caused by factors other than Defendant's conduct.

g. If Defendant is found to have violated the anti-retaliation provision of Title VII—which Defendant denies—neither Plaintiff nor the Former Employees may recover punitive damages because at no time did Defendant act with malice or reckless indifference.

h. If Defendant is found to have violated Title VII—which Defendant denies—Plaintiff's request for compensatory and punitive damages is barred to the extent that it exceeds the statutory caps established by 42 U.S.C. §1981a(b)(3).

i. Alternatively, and without waiving any other defense as asserted herein, in the unlikely event that a verdict or judgment is rendered against Defendant, any damages assessed as exemplary damages under any cause of action pled Plaintiff are limited as provided in §41.008 of the Texas Civil Practice and Remedies Code and any such finding must be pursuant to the burden of proof required in the said section of the Texas Civil Practice and Remedies Code.

j. To the extent that Plaintiff failed to fulfill its statutory duties to conciliate its claims brought under Title VII, or failed to fulfill any other conditions precedent to the institution of this lawsuit, those claims are barred.

k. Further, the Plaintiff is limited on the relief that is available to the Former Employees for the reason that the Former Employees have failed to mitigate their damages and, to the extent that the Former Employees have mitigated their damages then the Defendant is entitled to an offset against the total claim for relief for the Former Employees.

l. Defendant reserves the right to rely upon such other defenses and affirmative defenses as may become available or apparent during discovery proceedings in this case.

## PRAYER

Defendant prays that Plaintiff take nothing by this suit; that judgment be entered on behalf of Defendant; and that Defendant recover its costs of suit and reasonable attorney fees, and such other relief to which Defendant may be otherwise entitled.

Dated: December 1, 2017

        Respectfully submitted,

        /s/ Thomas S. Brandon, Jr.
        Thomas S. Brandon, Jr.
        State Bar Number 02881400
        tbrandon@whitakerchalk.com

        Rebecca K. Eaton
        State Bar Number 24059705
        reaton@whitakerchalk.com

        **WHITAKER CHALK SWINDLE & SCHWARTZ PLLC**
        301 Commerce Street, Suite 3500
        Fort Worth, Texas 76102
        817-878-0500 (main)
        817-878-0532 (direct)
        817-878-0501 (fax)

        **ATTORNEYS FOR DEFENDANT, TIM SHEPHERD, M.D. P.A. d/b/a SHEPHERD HEALTHCARE**

## CERTIFICATE OF SERVICE

On December 1, 2017, the foregoing document was provided to Plaintiff's Attorney of Record, namely, Meaghan L. Shepard (meaghan.shepard@eeoc.gov), Equal Employment Opportunity Commission, 207 S. Houston Street, Dallas, TX 75202 by electronic mail and through the Court's ECF filing system.

        /s/ Thomas S. Brandon, Jr.