IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | } } } |
| **Plaintiff,** | } } |
| v. | } CIVIL ACTION NO. 3:17-cv-02569-L } |
| TIM SHEPHERD M.D., PA d/b/a SHEPHERD HEALTHCARE | } } } } } |
| **Defendant.** | } |

## PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S MOTION TO REOPEN THE CASE FOLLOWING ADMINISTRATIVE CLOSURE

Comes now, the Plaintiff Equal Employment Opportunity Commission ("EEOC") and files this Motion to Reopen the Case. For the reasons set forth below, EEOC respectfully requests that the Court reopen the case and allow discovery to proceed according to the Scheduling Order of January 31, 2018.

## I. FACTUAL BACKGROUND

1. The EEOC filed the instant action on September 20, 2017 [Doc. 1] alleging that the Defendant violated Title VII of the Civil Rights Act of 1964, as amended, by failing to accommodate Charging Party Almeda Gibson's religious beliefs and subsequently firing her in retaliation for her continued requests for accommodation and objections about being required to participate in the Defendant's morning Bible study and religious discussions. EEOC further alleged that the Defendant violated Title VII by retaliating against other

aggrieved individuals Courtney Maldonado, Stacy O'Laughlin, and Joshua Stoner for their opposition to the Defendant's required religious practices.

2. On July 2, 2018, the EEOC filed its Amended Complaint [Doc. 20]. The EEOC maintained its allegations from the original Complaint but added allegations that the Defendant had violated Title VII by: subjecting Maria Ramirez, Amanda Aguilar, Lee Jennings, Cameron Gibson, Krystal O'Bryan, and Jack Thompson to a religiously-based hostile work environment in violation of Title VII by imposing religious practices and beliefs on them; and, retaliating against Lee Jennings and Cameron Gibson for their opposition to the Defendant's required religious practices.

3. The EEOC is seeking both monetary and non-monetary relief from the Defendant.

4. The EEOC served the Defendant with its First Requests for Production of Documents and First Set of Interrogatories on July 30, 2018.  The deadline to respond was August 29, 2018.

5. On August 29, 2018, the Defendant filed a Suggestion of Bankruptcy [Doc. 23].

6. On August 30, 2018, this Court administratively closed the case [Doc. 24].

## II. ARGUMENT

EEOC requests that the Court withdraw its administrative closure of the case entered on August 30, 2018. The EEOC's lawsuit against the Defendant is not subject to the bankruptcy code's automatic stay provision. 11 U.S.C. §362(b)(4) states that the filing of a petition for bankruptcy does not operate as a stay

> [o]f the commencement or continuation of an action or proceeding by a governmental unit . . . to enforce such governmental unit's or organization's police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's or organization's police or regulatory power.

The EEOC, a "government unit" under §362(b)(4), brought this lawsuit pursuant to its regulatory powers to enforce and obtain compliance with the provisions of Title VII by seeking various forms of injunctive relief and monetary damages from the Defendant. Many courts have held that the EEOC's litigation and administrative processes to enforce Title VII and other statutes under its jurisdiction are exempt from the automatic stay provision of the bankruptcy code. In EEOC v. McLean, the Fourth Circuit held that the EEOC was not subject to an automatic stay even if the requested relief includes injunctive and monetary relief because "the EEOC is still proceeding in the exercise of its police or regulatory power when it seeks to recover back pay for the victims of alleged unlawful discrimination so as to be exempt from the automatic stay until its prayer for monetary relief is reduced to judgment." 834 F.2d 398, 399 (4th Cir. 1987). The stay only becomes effective when and if the EEOC obtains a monetary judgment. See EEOC v. Noble Metal Processing, 2009 WL 1868002 (E.D. Mich. June 29, 2009). In EEOC v. Rath Packing, the Eighth Circuit held that "[w]hen EEOC sues to enforce Title VII it seeks to stop a harm to the public – invidious employment discrimination which is as detrimental to the welfare of the country as violations of environmental protection and consumer safety laws, which are expressly exempt from the automatic stay." 787 F.2d 318, 325 (8th Cir. 1986). See also, National Labor Relations Board v. Evans Plumbing Company, 639 F.2d 291, 293 (5th Cir. 1981) (held the automatic stay provision does not apply to NLRB enforcement proceeding for injunctive relief and back pay); EEOC v. Hall's Motor Transit Co., et al., 789 F.2d 1011, 1014 (3rd Cir. 1986); EEOC v.

Guerdon Industries, 76 B.R. 102 (W.D. Ky. 1987); EEOC v. Le Bar Bat, Inc., 274 B.R. 66 (S.D.N.Y. 2002); EEOC v. Sambo's Restaurants, Inc., 1982 WL 207 (S.D. Tex. 1982). Because the EEOC has not obtained final judgment on its prayer for monetary relief, its claims are exempt from the automatic stay and the litigation should proceed according to this Court's Scheduling Order.

In addition to the applicability of the exemption from stay provided for under §362(b)(4), this case should also be reopened so that the EEOC can conduct discovery into the question of whether the Defendant has engaged in a fraudulent conveyance and/or created a successor company in an attempt to avoid prosecution under Title VII. After the EEOC was notified of Defendant's bankruptcy petition, EEOC discovered that Dr. Timothy Shepherd filed a Certificate of Formation for "Bridges Healthcare, Professional Association" on May 29, 2018 [Exhibit A]. The business address of the registered agent and registered office address for Bridges Healthcare is Dr. Shepherd's home in Bartonville, Texas. This Certificate of Formation, although not filed until May 29th, was signed and dated by Dr. Shepherd on May 24, 2018. Notably, the Commission received indication on May 24, 2018, that the Defendant was possibly going to be filing for bankruptcy. The Commission intends to seek further discovery as to whether Bridges Healthcare is a successor company or if the Defendant created Bridges Healthcare in an effort to avoid EEOC's charges brought in this federal lawsuit.

## **CONCLUSION**

For the reasons set forth above, EEOC respectfully requests that this Court reopen the case and withdraw the administrative closure entered on August 30, 2018.

Respectfully submitted,

ROBERT A. CANINO
Oklahoma State Bar No. 011782

SUZANNE M. ANDERSON
Texas Bar No. 14009470


/s/ Meaghan L. Kuelbs
MEAGHAN L. KUELBS
Sr. Trial Attorney
Texas State Bar No. 24105277

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Dallas District Office
207 Houston, 3rd Floor
Dallas, Texas 75202
(TEL) (214) 253-2746
(FAX) (214) 253-2749

**CERTIFICATE OF CONFERENCE**

I certify that on August 30, 2018, I contacted Defendant's counsel of record regarding Plaintiff's Motion to Reopen the Case and Defendant's counsel indicated that the Defendant opposes this Motion.

/s/ Meaghan L. Kuelbs
MEAGHAN L. KUELBS

**CERTIFICATE OF SERVICE**

This is to certify that on this, the 30th day of August, 2018, I electronically transmitted the attached document to the Clerk of the Court using the ECF system of filing, which will transmit a Notice of the Electronic Filing to Defendant's counsel, an ECF registrant.

/s/ Meaghan L. Kuelbs
MEAGHAN L. KUELBS