IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | Civil Action No. **3:17-CV-02569-L** |
| TIM SHEPHERD M.D., PA d/b/a SHEPHERD HEALTHCARE, | | |
| Defendant. | | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff Equal Employment Opportunity Commission's Motion to Reopen the Case Following Administrative Closure ("Motion") (Doc. 26), filed August 30, 2018. After careful consideration of the Motion, response, reply, pleadings, and applicable law, the court **grants** the Motion (Doc. 26).

**I.    Factual Background and Procedural History**

On September 20, 2017, Plaintiff Equal Employment Opportunity Commission ("EEOC" or "Plaintiff") brought this action against Defendant Tim Shepherd M.D., PA d/b/a Shepherd Healthcare ("Shepherd" or "Defendant") for alleged violations of Title VII of the Civil Rights Act of 1964 ("Title VII"). The EEOC seeks injunctive relief under Title VII, back pay with prejudgment interest, compensatory damages for past and future pecuniary and non-pecuniary losses, punitive damages, and costs.  On August 29, 2018, Defendant filed a voluntary petition under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Texas in Bankruptcy Case No. 18-41895. In light of the bankruptcy proceeding, the

court entered an order, pursuant to 11 U.S.C. § 362, notifying the parties that an automatic stay was in effect, and administratively closed the case.

In its Motion, the EEOC requests that the court reopen the case and allow it to proceed with its claims notwithstanding the bankruptcy proceeding. The EEOC contends that Bankruptcy Code's automatic stay provision does not apply to this action against Defendant because this proceeding falls within the exception under 11 U.SC. § 362(b)(4) to the automatic stay provision.[1] Shepherd acknowledges that certain types of EEOC enforcement actions fall within Section 362(b)(4)'s exception to the automatic stay but contends that the scope of this exception does not extend to enforcement of a money judgment. In its reply, Plaintiff continues to maintain that enforcement actions such as this, in which the EEOC seeks vindication of the public interest, are exempted from the automatic stay provision. In addition, the EEOC clarifies that it is not seeking to enforce a monetary judgment but, instead, seeks to prove that Shepherd is liable for the claims asserted and obtain a judgment against Defendant for damages and injunctive relief that will prevent Shepherd from "engaging in future discriminatory conduct in violation of Title VII." Pl.'s Reply 4.

## II. Section 362(b)(4)'s Exception to the Automatic Stay Provision

Section 362's automatic stay is "one of the fundamental debtor protections provided by bankruptcy laws." *Midlantic Nat'l Bank v. N.J. Dep't of Envtl. Prot.*, 474 U.S. 494, 503 (1986)

---

[1] The EEOC also contends that it should be allowed to conduct discovery to determine whether Defendant has engaged in a fraudulent conveyance and created a successor company in an attempt to avoid prosecution under Title VII. The parties dispute whether discovery regarding this issue should be undertaken in this action as opposed to the bankruptcy proceeding. The court, however, need not decide this issue to rule on the EEOC's Motion and determine whether the relief sought by the EEOC in this action falls within Section 362(b)(4)'s exception to the automatic stay provision, and any disputes between the parties regarding the appropriate scope of discovery can be handled via normal discovery procedures, including objections, motions for protective orders, motions to quash, or motions to compel.

(citation omitted). The automatic stay acts as an injunction that arises automatically upon the filing of a bankruptcy petition. *See* 11 U.S.C. § 362(a). The stay enjoins specific acts against a debtor in bankruptcy or a bankruptcy estate, including the commencement or continuation of judicial proceedings against the debtor. *Id.* § 362(a)(1). The automatic stay prevents creditors from seizing secured assets to give the debtor "breathing room" to reorganize. *In re Stembridge*, 394 F.3d 383, 387 (5th Cir. 2004). "Whether the stay applies to litigation otherwise within the jurisdiction of a district court . . . is an issue of law within the competence of both the [district] court within which the litigation is pending . . . and the bankruptcy court." *Hunt v. Bankers Tr. Co.*, 799 F.2d 1060, 1099 (5th Cir. 1986) (footnote and citation omitted).

Section 362(b) sets forth exceptions to the automatic stay. 11 U.S.C. § 362(b). One exception is the governmental unit or police and regulatory power exception under Section 362(b)(4), which provides that the filing of a bankruptcy petition "does not operate as a stay" of:

> the commencement or continuation of an action or proceeding by a governmental unit . . . to enforce such governmental unit's . . . police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's . . . police or regulatory power.

11 U.S.C. § 362(b)(4). The purpose of this exception is to discourage debtors from initiating bankruptcy proceedings to "evad[e] impending governmental efforts to invoke the governmental police powers to enjoin or deter ongoing debtor conduct which would seriously threaten the public safety and welfare." *In re Halo Wireless, Inc.,* 684 F.3d 581, 587 (5th Cir. 2012) (citations omitted). Section 362(b)(4), therefore, permits a governmental unit to continue judicial proceedings to enforce its police and regulatory power.

To determine whether proceedings fall within Section 362(b)(4)'s police and regulatory power exception to the automatic stay, the Fifth Circuit applies two tests—a "public policy test" and a "pecuniary purpose test." *Id.* at 588 (citations omitted). "The pecuniary purpose test asks whether the government primarily seeks to protect a pecuniary governmental interest in the debtor's property, as opposed to protecting public safety and health." *Id.* (citation omitted). "The public policy test asks whether the government is effectuating public policy rather than adjudicating private rights." *Id.* (citation omitted). "[I]f the purpose of the law is to promote public safety and welfare or to effectuate public policy, then the exception to the automatic stay applies." *Id.* (citation omitted). "[O]n the other hand, [if] the purpose of the law is to protect the government's pecuniary interest in the debtor's property or primarily to adjudicate private rights, then the exception is inapplicable." *Id.* (citations omitted). In applying both tests, the court considers the totality of the circumstances and determines whether the "proceeding at issue is designed primarily to protect the public safety and welfare, or represents a governmental attempt to recover from property of the debtor estate, whether on its own claim, or on the nongovernmental debts of private parties." *Id.* (citations omitted).

To fall within the exception, the public policy interests of the governmental unit need not be limited to health and physical safety, and the remedy sought by the governmental unit can be monetary in character as long as the governmental unit is "acting to vindicate something more than a pecuniary interest." *In re Wyly*, 526 B.R. 194, 198 (Bankr. N.D. Tex. 2015) (citations omitted). Further, the exception allows entry of a money judgment against a debtor but cannot be used to enforce a money judgment. *Halo Wireless*, 684 F.3d at 587 (quoting *S.E.C. v. Brennan,* 230 F.3d 65, 71 (2d Cir. 2000), for the proposition that "[i]t is well established that the

governmental unit exception of § 362(b)(4) permits the *entry* of a money judgment against a debtor so long as the proceeding in which such a judgment is entered is one to enforce the governmental unit's police or regulatory power. . . . However, . . . *anything beyond the mere entry of a money judgment* against a debtor is prohibited by the automatic stay.").

### III. Analysis

Neither party disputes that the EEOC is a governmental unit for purposes of Section 362(b)(4).[2] Resolution of Plaintiff's Motion, therefore, turns on whether Plaintiff's claims and requests for relief fall within the scope of Section 362(b)(4). To make that determination, the court must assess whether the EEOC's primary purpose in bringing this action is to protect public policy and welfare as opposed to adjudicating private rights or represents an attempt by it to recover property from Shepherd's bankruptcy estate, whether on its own claim, or based on the debts of private parties. *Halo Wireless*, 684 F.3d at 588.

The Fifth Circuit has not specifically addressed whether an EEOC enforcement action under Title VII falls within Section 362(b)(4)'s exception to the automatic stay provision. The court, however, finds persuasive the Fourth Circuit's reasoning in *McLean* in which the court concluded that actions by the EEOC for employment discrimination under Title VII satisfy the public policy test, even when brought on behalf of specific individuals, because the EEOC in such circumstances "is guided by 'the overriding public interest in equal employment opportunity . . . asserted through direct Federal enforcement.' 118 Cong. Rec. 4941 (1972). *When the EEOC acts, albeit at the behest of and for the benefit of specific individuals, it acts*

---

[2] Under the Bankruptcy Code, "governmental unit" means "United States; State; Commonwealth; District; Territory; municipality; foreign state; department, agency, or instrumentality of the United States (but not a United States trustee while serving as a trustee in a case under this title), a State, a Commonwealth, a District, a Territory, a municipality, or a foreign state; or other foreign or domestic government." 11 U.S.C. § 101(27).

*also to vindicate the public interest in preventing employment discrimination."* *EEOC v. Mclean,* 834 F.2d 398, 402 (4th Cir. 1987) (quoting *General Tel. Co. of the Northwest v. EEOC*, 446 U.S. 318, 326 (1980)). Based on the Supreme Court's determination that the "primary purpose of Title VII was to achieve equality of employment opportunities," the court in *Mclean* concluded as follows:

> [W]hen [the] EEOC sues to enjoin violations of Title VII or ADEA and seeks reinstatement of the victims of alleged discrimination and adoption of an affirmative action plan in a Title VII case, and couples these prayers for relief with a claim for back pay, [the] EEOC is suing in exercise of its police or regulatory power and is not subject to the automatic stay until its monetary claims are reduced to judgment.

*Mclean,* 834 F.2d at 402. The *McLean* court also noted that the Eighth and Third Circuits have reached the same conclusion in cases involving the same or similar issues. *Id.* (citing *EEOC v. Rath Packing Co.*, 797 F.2d 318, 325-26 (8th Cir 1986); and *EEOC v. Hall's Motor Transit Co.*, 789 F.2d 1011, 1013 (3d Cir. 1986)).

The same rationale applies in this case. In its Amended Complaint, the EEOC alleges that Defendant engaged in unlawful employment practices in violation of the federally protected rights of several employees and asserts employment law claims for religious discrimination, religious-based hostile work environment, and retaliation claims under Title VII against Defendant. For relief, the EEOC requests an injunction permanently enjoining Shepherd and Shepherd's agents from engaging in discriminatory and retaliatory employment practices in violation of Title VII. In addition, the EEOC seeks a judgment requiring Shepherd to compensate certain individuals for: (1) back pay with interest; (3) past and future pecuniary and nonpecuniary losses resulting from Defendant's unlawful employment practices; and (3) punitive damages.

Of the relief sought by the EEOC in this case, first and foremost is its request for a permanent injunction, which is not limited in application to the individuals named in the EEOC's pleadings. There is also no indication from the EEOC's pleadings that it brought this action to protect a pecuniary governmental interest in Shepherd's property, and, while the EEOC seeks monetary relief on behalf of specific individuals, it is also vindicating the public interest by seeking to prevent discrimination in the workplace under Title VII. In other words, there is no indication that the EEOC's primary purpose in bringing this action was to recover property from Shepherd's bankruptcy estate, whether on its own claim, or based on the debts of private parties.

Moreover, the EEOC is not seeking to enforce a money judgment; rather, it seeks to prosecute its Title VII claims against Defendant in this action for purposes of preventing Shepherd from engaging in religious discrimination in the future and to also obtain a money judgment on behalf of the named employees. The EEOC also acknowledges that it will not be able to use this proceeding to enforce any money judgment entered against Shepherd. Accordingly, the court determines that the public policy and pecuniary interest tests are satisfied, and that this action falls within the EEOC's police and regulatory powers. Section 362(b)(4), therefore, applies, and the EEOC is entitled to prosecute its claims and requests for relief in this court notwithstanding Defendant's bankruptcy proceeding.

## IV. Conclusion

For the reasons herein explained, the court **concludes** that this action is not subject to the Bankruptcy Code's automatic stay provision and **grants** Plaintiff's Motion to Reopen the Case Following Administrative Closure (Doc. 26) pursuant to 11 U.S.C. § 362(b)(4). Accordingly,

the court **vacates** its order administratively closing this case (Doc. 24) and **reopens** this action for further proceedings consistent with the scheduling order previously entered by the court.

**It is so ordered** this 11th day of October, 2018.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge